## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:08CV274** |
|  | ) | **1:06CR145** |
| **Plaintiff-Respondent** | ) |  |
|  | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **v.** | ) |  |
|  | ) |  |
| **TERRELL WASHINGTON,** | ) | **OPINION AND ORDER** |
|  | ) |  |
| **Defendant-Petitioner** | ) |  |
|  | ) |  |
|  | ) |  |

## CHRISTOPHER A. BOYKO,J;

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence  pursuant to 28 U.S.C. § 2255 (ECF #52). Petitioner contends he

was denied effective assistance of counsel and that  his sentence was

unreasonable.  For the following reasons, the Court denies Petitioner's Motion.

## FACTS

On March 29, 2006, a federal grand jury returned a three-count indictment,

charging Petitioner in Count Two with being a Felon in Possession of a Firearm,  in

violation of 18 U.S.C.§ 922(g)(1), and in Count Three with Possession With Intent to

Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Count

One of the indictment charged a co-defendant who was later dismissed from the

case.

1

On July 31, 2006, Petitioner pled guilty to the indictment. On February 21, 2007, Petitioner was sentenced to 262 months imprisonment, the fine was waived, and eight years supervised release was imposed. He was further ordered to pay a $200 special assessment. On June 15, 2007, Petitioner filed a Notice of Appeal. On July 30, 2007, the United States Court of Appeals for the Sixth Circuit dismissed Petitioner's appeal as untimely.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ... claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" Mallett v. United States, 334 F.3d 496-497 (6th Cir. 2003) quoting Weinberger v. United States, 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner contends he was denied effective assistance of counsel. A defendant seeking to establish ineffective assistance of counsel must satisfy the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), where the Supreme Court formulated the following test: ...First, counsel's performance must fall below an objective standard of reasonableness, and second, there is a reasonable probability that counsel's deficient performance prejudiced the prisoner, resulting in

2

an unreliable or fundamentally unfair outcome of the proceeding. *Id.*at 687-689.
Unless a defendant makes both showings, it cannot be said that the conviction or
death sentence resulted from a breakdown in the adversary process that renders the
result unreliable. 466 U.S. at 687. In the context of a Plea Agreement, there must
be " a reasonable probability that, but for counsel's errors, he would not have
pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52,
59 (1985).

"Where there is a factual dispute, the habeas court must hold an evidentiary
hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183
F.3d 474, 477 (6th Cir. 1999). Petitioner has failed to provide any evidence or
affidavit attesting to the allegations alleged in his motion to vacate. Therefore,
Petitioner has created no genuine issue of fact requiring this Court hold an
evidentiary hearing.

Because the competence of counsel is presumed, it is Petitioner's burden to
prove counsel's representation was unreasonable. The Supreme Court has held,
" defendant must rebut this presumption by proving that his attorney's representation
was unreasonable under prevailing norms and that the challenged action was not
sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365,384 (1986). Judicial scrutiny
of counsel's performance, however, "must be highly deferential." 466 U.S. at 689. A
reviewing court must ensure that "every effort is made to eliminate the distorting
effects of hindsight, to reconstruct the circumstances of counsel's challenged
conduct, and to evaluate the conduct from counsel's perspective at the time." 466

3

U.S. at 689.

The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance." Id. at 692. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In evaluating whether Petitioner's Sixth Amendment rights were violated by errors of counsel, the focus is on whether there was a breakdown in the adversarial process affecting the fundamental fairness of the trial and the reliability of the result. *Strickland v. Washington*, 466 U.S. at 687, 696. Bare allegations of ineffectiveness are insufficient. Before a hearing on a habeas corpus petition must be held, "the petition must be accompanied by a detailed and specific affidavit which shows the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir.), cert. denied, 429 U.S. (1976) (emphasis added). A petition for habeas corpus based upon speculation and conjecture is "patently insufficient." Id. at 1102. Accord *United States v. Brooks*, 677 F.2d 907, 911-12 (D.C. Cir. 1982); *United States v. Ortega-Velasquez*, 465 F.2d 419 (5th Cir. 1972).

4

Petitioner contends counsel was ineffective because she failed to protect his constitutional rights under the Fifth and Sixth Amendments. He contends his attorney failed to file a direct appeal, failed to move the court for a downward departure based on diminished mental capacity, and failed to pursue an insanity defense. The Government correctly points out in Petitioner's Plea Agreement and colloquy, he acknowledged that he is fully satisfied with the legal counsel and assistance provided by his attorney, and also agreed not to seek a downward departure. The Government contends Petitioner also acknowledged in the Plea Agreement a limited, but restrictive, waiver of both direct and collateral appeals, which the Court agrees, explains defense counsel's decision to not file an appeal.

In regard to counsel's failure to pursue an insanity defense, the Government contends, and this Court agrees, counsel's decision not to pursue an insanity defense was a reasonable exercise of professional judgment, bolstered by the colloquy during Petitioner's change of plea hearing. Therefore, the Court finds Petitioner's contention that his attorney was ineffective due to her failure to pursue an insanity defense is without merit. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

The Government correctly points out that having waived his right to trial, including any defenses (such as insanity) incident thereto, and having manifested logical behavior (pre-indictment and post-indictment) inconsistent with insanity, Petitioner failed to establish a reasonable probability that the result of the proceeding would have been different. Therefore, Petitioner fails to show how, by a

5

preponderance of the evidence, counsel's decision not to pursue an insanity defense was an ineffective exercise of reasonable professional judgment.

Petitioner also claims his sentence was unreasonable. Under 28 U.S.C. § 2255, a federal prisoner may seek relief because a sentence was imposed in violation of the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law. *See* 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

To prevail on a motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). What these cases make clear is that in order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady,* 456 U.S. 152 (1982)

The Government correctly points out that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement, so long as the waiver is made knowingly and voluntarily. *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004) (internal quotations omitted) (citing *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)). The Sixth Circuit has held that a defendant may waive, in a plea agreement, the right to collaterally attack a sentence under 28

6

U.S.C. § 2255 if the waiver is informed and voluntary. *See Watson*, 165 F.3d at 488-89; *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001).

Here, the Government correctly points out that Petitioner waived his right to collaterally attack his sentence in his written Plea Agreement and plea colloquy. Also, as part of the Plea Agreement, Petitioner agreed to be sentenced under the Sentencing Guidelines without seeking a downward departure. The Government contends, and the Court agrees, Petitioner waived his right to collaterally attack this sentence, including the extent of the Court's downward departure. The Court agrees if waivers are to have any meaning they should be enforced.

Again, the Government correctly points out, the term of imprisonment of 262 months was not an upward departure and was not in excess of the statutory maximum. Furthermore, as part of his Plea Agreement, Petitioner admitted to being subject to the statutory penalty enhancements of 21 U.S.C. § 851 and the Career Offender guideline. The Court agrees Petitioner's sentence was within the terms of the post-conviction waiver.

Also, the Court agrees Petitioner is procedurally and substantively barred from retroactive application of the amended crack cocaine Sentencing Guideline. Petitioner is seeking the retroactive application of Amendment 9 to the U.S. Sentencing Guideline, which has the effect of lowering the guideline sentencing range for certain categories of offenses involving cocaine base ("crack"), to his sentence. Petitioner moves to reduce his sentence, pursuant to the amended Federal Sentencing Guidelines effective November 1, 2007. The Government correctly points out the amendments for retroactive application, pursuant to 18

7

U.S.C. § 3582(c)(2), have a specific procedural statute to be invoked, therefore,

pursuing the claim under 28 U.S.C. § 2255 is procedurally barred.

Therefore, for the foregoing reasons, the Court finds Petitioner has failed to

demonstrate his counsel's representation was objectively unreasonable and

prejudiced Petitioner. Furthermore, Petitioner is barred from collaterally attacking his

sentence as he has expressly waived those objections in his Plea Agreement.

Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.
28 U.S.C. §2253(c) states:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an
appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained
of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant
has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific
issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a certificate of appealability under 2253(c), a habeas prisoner must
make a substantial showing of the denial of a constitutional right, a
demonstration that, under *Barefoot*, includes showing that reasonable jurists
could debate whether (or, for that matter, agree that) the petition should have
been resolved in a different manner or that the issues presented were "
'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot
v. Estelle*, 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined the claims made by Petitioner in his Motion to

8

Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

4|17|08

Date

Christopher a Boyko

CHRISTOPHER A. BOYKO
United States District Judge

9